IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JEFFREY P. BECKHAM,

        Plaintiff,

vs.                                        No. 05-2243-B/V

WEST TENNESSEE STATE PRISON,

        Defendant.

---

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Jeffrey P. Beckham, prisoner number 350927, an inmate at the West Tennessee State Prison ("WTSP")[1] in Henning, filed a pro se complaint pursuant to 42 U.S.C. § 1983.  The Clerk shall record the defendant as the West Tennessee State Prison.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the

---

[1]     The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund officer or a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the

2

plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the WTSP Warden to ensure that the custodian of the plaintiff's

inmate trust account complies with that portion of the PLRA
pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite
the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The
Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

Beckham sues the WTSP contending that he was refused proper
medical examinations, schooling and job training and has been
subjected to psychological abuse.  He alleges that a grievance
procedure exists at the WTSP and he took "every step [he] thought
of by law and/or policy."

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires
a federal court to dismiss a complaint without prejudice whenever
a prisoner brings a prison conditions claim without demonstrating
that he has exhausted his administrative remedies. Brown v. Toombs,
139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516,
532 (2002) ("[T]he PLRA's exhaustion requirement applies to all
inmate suits about prison life, whether they involve general
circumstances or particular episodes, and whether they allege
excessive force or some other wrong."); Booth v. Churner, 532 U.S.
731 (2001) (prisoner seeking only money damages must exhaust
administrative remedies although damages are unavailable through
grievance system). This requirement places an affirmative burden on
prisoners of pleading particular facts demonstrating the complete
exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th
Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and
> show that they have been exhausted by attaching a copy of

4

the applicable administrative dispositions to the
complaint or, in the absence of written documentation,
describe with specificity the administrative proceeding
and its outcome.

Id. at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)
(prisoner who fails to allege exhaustion adequately may not amend
his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249
F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for
district court to dismiss for failure to exhaust when plaintiffs did
not submit documents showing complete exhaustion of their claims or
otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires
the prisoner to exhaust his administrative remedies before filing
suit and, therefore, he cannot exhaust these remedies during the
pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th
Cir. 1999).

This complaint contains multiple issues. Plaintiff was
required to file a grievance for each incident which detailed the
incident and named the party involved. His blanket allegation of
taking "every step [he] thought of" is insufficient to demonstrate
any good faith attempt to exhaust the available grievance procedure
for any issue presented. The plaintiff has submitted no evidence
that he filed any grievance for any alleged incident. Accordingly,
the plaintiff has not satisfied his burden of demonstrating that he
exhausted his administrative remedies with respect to his claims.

The Sixth Circuit has stated that "[a] plaintiff who fails to
allege exhaustion of administrative remedies through 'particularized
averments' does not state a claim on which relief may be granted,
and his complaint must be dismissed sua sponte." Baxter, 305 F.3d

at 489.[2] Accordingly, the plaintiff's complaint is DISMISSED, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

---

[2]     As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Id.</u>

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[3] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this 1st day of June, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3]     Effective April 9, 2006, the fee for docketing an appeal is $450. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

7